**INSITUFORM TECHNOLOGIES, INC., Insituform (Netherlands) B.V., and Insituform Gulf South, Inc., Plaintiffs–Cross Appellants,**

v.

**CAT CONTRACTING, INC., Firstliner U.S.A., Inc., and Giulio Catallo, Defendants–Appellants,**

and

**Michigan Sewer Construction Company, Defendant–Appellant,**

and

**Kanal Sanierung Hans Mueller Gmbh & Co. KG, Defendant–Appellee.**

**No. 99–1584, 00–1005.**

United States Court of Appeals, Federal Circuit.

Jan. 21, 2004.

Before MAYER, Chief Judge, MICHEL, and SCHALL, Circuit Judges.

*ORDER*

PER CURIAM.

Order for the court filed PER CURIAM. Dissenting order filed by SCHALL, *Circuit Judge.*

Upon consideration of the remand order of the Supreme Court, *Insituform Techs., Inc. v. CAT Contr., Inc.,* 535 U.S. 1108, 122 S.Ct. 2322, 153 L.Ed.2d 151 (2002),

IT IS ORDERED THAT:

The judgment of the United States District Court for the Southern District of Texas, 90–CV–1690, is *VACATED* and the case is *REMANDED* for reconsideration in light of *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002), and *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 344 F.3d 1359 (Fed.Cir. 2003) (en banc).

SCHALL, Circuit Judge, dissenting.

SCHALL, Circuit Judge.

By order dated October 29, 2003, we asked the parties for their views as to further proceedings in this case in light of the Supreme Court's decision in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002) (*"Festo I"*), and our subsequent decision in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.,* 344 F.3d 1359 (Fed.Cir.2003) (en banc) (*"Festo II"*). In its submission in response to our order, Insituform argued that it had rebutted the *Festo* presumption, *see Festo I,* 535 U.S. at 740–41, 122 S.Ct. 1831, by establishing that the rationale underlying the amendment narrowing the literal scope of claim coverage from multiple cups to a single cup bore "no more than a tangential relation to the equivalent in question," *id.,* in this case, multiple cups. Accordingly, Insituform urged that we reinstate our prior decision affirming the district court's judgment that Inliner's "Process 1" infringed claim 1 of U.S. Patent No. 4,366,012 (the " '012 patent") under the doctrine of equivalents. *See Insituform Tech., Inc. v. Cat Contracting, Inc.,* 161 F.3d 688 (Fed.Cir.1998) (*"Insituform II"*). I agree with Insituform. Therefore, I would reinstate our decision in *Insituform II* and would adjudicate the remaining issues in the case.

We stated in *Festo II* that "whether the patentee has established a merely tangential reason for a narrowing amendment is

for the court to determine from the prosecution history without the introduction of additional evidence, except, when necessary, testimony from those skilled in the art as to the interpretation of that record." 344 F.3d at 1370. In my view, the prosecution history in this case and our analysis of that history in *Insituform II* and in our prior decision in *Insituform, Inc. v. Cat Contracting, Inc.*, 99 F.3d 1098 (Fed.Cir. 1996) (*"Insituform I"*), make it clear that Insituform's amendment narrowing the scope of its claim coverage from multiple cups to a single cup was, in the parlance of *Festo I*, "tangential." I see no need for expert testimony. The prosecution history and *Insituform I* and *II* establish that the narrowing amendment in this case was for the purpose of distinguishing the invention over the prior art Everson patent. During prosecution, Insituform stated that the difference between its process and Everson was that its process did not have the disadvantage of the need for a large compressor at the end of the pipe liner. There is no indication in the prosecution history of any relationship between the narrowing amendment and a multiple cup process, which is "the equivalent in question" in this case. Thus, as indicated above, I would affirm the judgment of infringement and would adjudicate the remaining issues in the case.

For the foregoing reasons, I respectfully dissent from the court's remand order.